15-2770
Gao v. Lynch

BIA
Poczter, IJ
A200 185 341

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of January, two thousand seventeen.

PRESENT:
> JOHN M. WALKER, JR.,
> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> *Circuit Judges.*

_____

LI ZHU GAO, AKA LIZHU GAO,
> *Petitioner,*

v.

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

15-2770
NAC

FOR PETITIONER:        Keith S. Barnett, New York, N.Y.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Leslie McKay, Assistant Director; Anthony J. Messuri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Li Zhu Gao, a native and citizen of the People's Republic of China, seeks review of an August 18, 2015, decision of the BIA, affirming a December 13, 2013, decision of an Immigration Judge ("IJ") denying Gao's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Li Zhu Gao,* No. A200 185 341 (B.I.A. Aug. 18, 2015), *aff'g* No. A200 185 341 (Immig. Ct. N.Y. City Dec. 13, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and BIA's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications like Gao's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies and omissions in an applicant's statements, "without regard to whether" those inconsistencies go "to the heart of the

2

applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64, 166 n.3. "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. As discussed below, the adverse credibility determination rests on substantial evidence.

The agency reasonably relied on Gao's internally inconsistent testimony concerning whether police in China were seeking her whereabouts. 8 U.S.C. § 1158(b)(1)(B)(iii). On direct examination, Gao testified that only her family members were aware of her Christian faith and that she feared returning to China because, based on her aunt's detention and what others had told her, she would be persecuted for attending an underground church. On cross examination, however, Gao mentioned for the first time that the authorities had discovered her name and address on religious materials she sent to her aunt and then visited Gao's parents' home to warn that Gao would face "big trouble" if she returned to China. Because this inconsistency concerned an issue central to Gao's alleged fear of future persecution on account of her Christian faith, it provides substantial evidence to support the adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii);

3

*Xiu Xia Lin*, 534 F.3d at 167; *cf. Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) ("[A] material inconsistency in an aspect of [an applicant's] story that served as an example of the very persecution from which he sought asylum . . . afforded substantial evidence to support the adverse credibility finding.").

Nor was the agency compelled to accept Gao's shifting explanations for the inconsistency. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be compelled to credit his testimony." (quoting *Zhou Yun Zhang v. INS*, 386 F.3d 77, 76 (2d Cir. 2004))). First, Gao explained that her parents waited until August 2011 to tell her about the police visit. Second, when confronted with the fact that this did not explain omitting the information on direct, Gao gave a non-responsive answer that she feared police would report her to family planning officials. Third, when pressed as to why she failed to mention the police visit earlier, the record reflects a long pause after which Gao stated that she did not know why she did not mention it before. Gao now proffers that, on direct examination, she was not asked her about police activities in China following her aunt's arrest.

4

This additional explanation is not compelling because Gao was specifically asked why she feared returning to China and failed to mention the police visit. *See Majidi*, 430 F.3d at 80.

The adverse credibility determination is further supported by Gao's internally inconsistent testimony concerning the alleged police visit. Gao initially revealed one visit, but later said that police visited her parents' house a second time. When asked why she did not mention the second visit earlier, she stated that the police were "just passing by [her] house" whereas the first time they came to give a "severe warning." The IJ again reasonably concluded that this was not a compelling explanation, and that the omission was significant because police interest in Gao would bolster her claim of future harm. *See Majidi*, 430 F.3d at 80.

Given the inconsistencies identified concerning the basis for Gao's fear of persecution in China it cannot be said "that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. That finding is dispositive of asylum, withholding of removal, and CAT relief because all forms of relief are based on the same factual predicate. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is

DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk